```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STOKER OLUKOTUN WILLIAMS,

                    Plaintiff,
                                              MEMORANDUM & ORDER
          -against-                           15-CV-5468(JS)(ARL)

DISTRICT ATTORNEY THOMAS
SPOTA and SUFFOLK COUNTY,
as a municipality,

                    Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Stoker Olukoton Williams, pro se
                    494733
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No appearances.
```

SEYBERT, District Judge:

Incarcerated pro se plaintiff Stoker Olukotun Williams ("Plaintiff"), filed an in forma pauperis Complaint in this Court on September 16, 2015 pursuant to 42 U.S.C. § 1983 against Suffolk County District Attorney Thomas Spota ("DA Spota") and Suffolk County (together, "Defendants"). Plaintiff did not file the required Prisoner Litigation Reform Act authorization form ("PLRA") with his Complaint. Accordingly, by Notice of Deficiency ("Notice") dated September 25, 2015, Court instructed Plaintiff to sign and return the enclosed PLRA within fourteen (14) days in order to proceed with his case. On October 21, 2015, Plaintiff filed the PLRA together with an Order to Show

Cause seeking a Preliminary Injunction and Restraining Order requesting that his underlying criminal prosecution be transferred from Suffolk County to the Bronx or Brooklyn. (See Docket Entry 7.)

Albeit untimely filed, the Court accepts the PLRA. Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the claims that are set forth in the Complaint are sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Given the dismissal of the Complaint, Plaintiff's request for injunctive relief is DENIED.

## BACKGROUND[1]

Plaintiff's brief, handwritten Complaint alleges the following it its entirety:

> Head DA Thomas Spota has defamed my character and taken part in malicious prosecution. His inflammatory statements have defamed my character and poisoned the minds of potential future jurors. I just found out that Spota

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

2

> had a press conference in 2013 and stated "I
> can't believe I shot that bitch for nothing."
> He said that I said that. That is a blatant
> lie.

(Compl. ¶ IV.) As a result of the foregoing, Plaintiff seeks to recover "$10 million from Thomas Spota and [for] my trial [to be] moved to a venue outside of Long Island" because "it is impossible for me to have a fair trial in Suffolk County or Long Island . . . ." (Compl. ¶ V.)

DISCUSSION

I. In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

3

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65).

III. The Younger Abstention Doctrine

Federal courts ordinarily must abstain from exercising jurisdiction over constitutional claims seeking declaratory or

injunctive relief when: "1) there is an ongoing state proceeding; 2) an important state interest is implicated in that proceeding; and 3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002); see also Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); Hansel v. Town Ct. for the Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir. 1995).

In Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591-92, 187 L. Ed. 2d 505 (2013), "the Supreme Court rejected this three-part test in favor of a categorical approach." Mir v. Shah, 569 F. App'x 48, 50 (2d Cir. 2014) (summary order). Instead, the Supreme Court held that the Younger doctrine applies only to three classes of state court proceedings: 1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." Sprint, 134 S. Ct. at 588 (internal quotation marks and citations omitted); see id. at 591 ("We have not applied Younger outside these three 'exceptional' categories, and today hold . . . that they define Younger's scope.").

Here, Plaintiff seeks, inter alia, injunctive relief

5

concerning the location of his on-going criminal prosecution. As is readily apparent under the Supreme Court's categorical approach, this Court must abstain from considering Plaintiff's Section 1983 claims under the Younger abstention doctrine. Moreover, Plaintiff merely speculates that he cannot receive a fair trial based on the statements to the press allegedly made by DA Spota. Because "we do not know, nor can the parties now illuminate, whether an impartial jury may be selected[,]" Martin v. Merola, 532 F.2d 191, 194 (2d Cir. 1976) (per curiam), Plaintiff's Constitutional claims are premature. See id. ("Until the state prosecutions have been concluded, it is simply impossible to make any reasoned evaluation of plaintiffs' claim that they have been deprived of the opportunity to secure a fair trial . . . Such a claim requires more than the mere speculation of damages . . .; it requires a showing that plaintiffs have in fact been denied their due process rights."). Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Given the dismissal of the Complaint, Plaintiff's request for injunctive relief is DENIED.

IV. Leave to Amend

The Second Circuit instructs that a district court should not dismiss a pro se complaint without granting leave to

amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Here, as explained above, because Plaintiff's underlying state criminal prosecution is on-going, his Constitutional claims are premature. **Upon conclusion of the underlying criminal prosecution Plaintiff may seek LEAVE TO AMEND his Complaint in writing within two (2) weeks of the conclusion of the state court criminal prosecution if so warranted at that time.**

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED and the claims that are set forth in the Complaint are sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Given the dismissal of the Complaint, Plaintiff's request for injunctive relief is DENIED. However, upon conclusion of the underlying criminal prosecution Plaintiff may seek LEAVE TO AMEND his Complaint in writing within two (2) weeks of the conclusion of the state court criminal prosecution if so warranted at that time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose

7

of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to CLOSE this case and to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: January   7  , 2016
       Central Islip, New York