```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
STOKER OLUKOTUN WILLIAMS,

                 Plaintiff,
                                        MEMORANDUM & ORDER
         -against-                      15-CV-5468(JS)(ARL)

DISTRICT ATTORNEY THOMAS SPOTA
and SUFFOLK COUNTY, as a
municipality,

                 Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Stoker Olukoton Williams, pro se
                    494733
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No appearances.
```

SEYBERT, District Judge:

Incarcerated pro se plaintiff Stoker Olukotun Williams ("Plaintiff") filed an Order to Show Cause ("OTSC") seeking the entry of a "Preliminary Injunction and Restraining Order" against the defendants, Suffolk County District Attorney Thomas Spota ("DA Spota") and Suffolk County (together, "Defendants"). (OTSC, Docket Entry 12.) More specifically, Plaintiff seeks to enjoin his state court criminal prosecution. For the reasons that follow, Plaintiff's application is DENIED.

## BACKGROUND

Plaintiff filed an in forma pauperis Complaint in this Court on September 16, 2015 pursuant to 42 U.S.C. § 1983 against

the Defendants.  (Docket Entry 1.)  Plaintiff did not file the required Prisoner Litigation Reform Act authorization form ("PLRA") with his Complaint.  Accordingly, by Notice of Deficiency ("Notice") dated September 25, 2015, the Court instructed Plaintiff to sign and return the enclosed PLRA within fourteen (14) days in order to proceed with his case.  (Docket Entry 5.)  On October 21, 2015, Plaintiff filed the PLRA together with an Order to Show Cause seeking a Preliminary Injunction and Restraining Order requesting that his underlying criminal prosecution be transferred from Suffolk County to the Bronx or Brooklyn.  (Docket Entries 6, 7.)

By Memorandum and Order dated January 7, 2016, the Court accepted the PLRA, GRANTED Plaintiff's application to proceed in forma pauperis, but, inter alia, sua sponte DISMISSED Plaintiff's claims WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).[1]  (Docket Entry 11.)  Given the dismissal of the Complaint, Plaintiff's request for injunctive relief was DENIED.

On January 13, 2016, Plaintiff filed an OTSC seeking the entry of a Preliminary Injunction and Restraining Order.

---

[1] Plaintiff had claimed that he could not get a fair trial in Suffolk County because of statements allegedly made by DA Spota to the media about Plaintiff.  Plaintiff sought to recover damages as well as a change of venue of the underlying criminal prosecution.  (See Compl. ¶¶ IV, V; Docket Entry 1.)

Plaintiff seeks to enjoin Defendants from proceeding with the underlying criminal prosecution of Plaintiff in the Supreme Court, Suffolk County. Plaintiff claims that his criminal trial should be transferred to "Bronx or Brooklyn" because Plaintiff believes he cannot get a fair trial on Long Island as a result of statements made to the media concerning Plaintiff and the case by DA Spota. (OTSC at 2.) Plaintiff also seeks an Order "prohibit[ing] [Defendants] from prosecuting a case against [Plaintiff] in a Suffolk County courtroom[] [i]ncluding trial, pretrial hearings and also prohibiting any Suffolk County Judges from deciding any Pretrial hearings related to Stoker Olukotun Williams' case." (OTSC at 4.)

## DISCUSSION

Plaintiff's application to enjoin Defendants from proceeding with his criminal prosecution in State Court is DENIED. For the same reasons that were set forth in the Court's January 7, 2016 Memorandum and Order, adjudication of Plaintiff's instant application is barred by the Younger Abstention Doctrine. Federal courts ordinarily must abstain from exercising jurisdiction over constitutional claims seeking declaratory or injunctive relief when: "1) there is an ongoing state proceeding; 2) an important state interest is implicated in that proceeding; and 3) the state proceeding affords the federal plaintiff an

3

adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002); see also Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); Hansel v. Town Ct. for the Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir. 1995).

In Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591-92, 187 L. Ed. 2d 505 (2013), "the Supreme Court rejected this three-part test in favor of a categorical approach." Mir v. Shah, 569 F. App'x 48, 50 (2d Cir. 2014) (summary order). Instead, the Supreme Court held that the Younger doctrine applies only to three classes of state court proceedings: 1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." Sprint, 134 S. Ct. at 588 (internal quotation marks and citations omitted); see id. at 591 ("We have not applied Younger outside these three 'exceptional' categories, and today hold . . . that they define Younger's scope.").

Here, Plaintiff seeks injunctive relief concerning the location of his on-going criminal prosecution. As is readily apparent under the Supreme Court's categorical approach, this Court must abstain under the Younger abstention doctrine.

4

Accordingly, Plaintiff's application seeking the entry of a Preliminary Injunction and Restraining Order is DENIED and the Clerk of the Court shall enter Judgment in this case in accordance with the January 7, 2016 Memorandum and Order and mark this case CLOSED.

CONCLUSION

For the reasons set forth above, Plaintiff's application for the entry of a Preliminary Injunction and Restraining Order is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to enter Judgment in this case in accordance with the January 7, 2016 Memorandum and Order and mark this case CLOSED. The Clerk of the Court shall also mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: April __15__, 2016
       Central Islip, New York